UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 MAY -9 PM 2:06

CLERK

BY_____
DEPUTY CLERK

IVO SKORIC,

    Plaintiff,

v.

KILLINGTON SKI RESORT,

    Defendant.

Case No. 5:19-cv-10

## OPINION AND ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE
(Docs. 1, 1-2)

Self-represented Plaintiff Ivo Skoric seeks to bring this action against Killington Ski Resort (Killington), alleging that Killington violated his constitutional rights when it issued a notice against trespass to him on January 25, 2017. (Doc. 1-2 at 3, 7.) He seeks an injunction as well as compensatory and punitive damages. (Doc. 1-2 at 12.) Mr. Skoric has filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915 and has submitted an affidavit that makes the required showing under 28 U.S.C. § 1915(a). *See* Docs. 1, 1-1. Accordingly, the request to proceed *in forma pauperis* is GRANTED. However, for the reasons discussed below, the Complaint is DISMISSED.

Under the *in forma pauperis* statute, the court conducts an initial screening of proposed complaints. *See* 28 U.S.C. § 1915(e)(2). The court is required to read a self-represented plaintiff's complaint liberally and to construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam). However, the court must dismiss a complaint if it determines that the action fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While "lenity" is required, self-represented litigants nevertheless must satisfy the plausibility standard set forth in *Iqbal*. *Harris v. Mills*, 572 F.3d 66, 68, 72 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678

I.   **Factual Allegations and Background**

This case arises from events that occurred beginning on November 25, 2016, at Killington (Doc. 1-2 at 7), which is a Vermont ski area located partially on leased state land. *Skoric v. Killington Ski Resort*, No. 5:17-cv-183, 2017 WL 4342078, at *1 (D. Vt. Sept. 28, 2017). That Friday morning, a Killington employee did not allow Plaintiff and his son Tin, a competitive snowboarder, to ride a Killington gondola because their "passes did not scan." (Doc. 1-2 at 7.) Plaintiff gave an "irritated response" and then made a "sarcastic comment" but did not disrupt operations, leaving the area as other people approached the gondola. *Id.* Shortly after the "'incident,'" Plaintiff's wife, a Killington employee, was informed by the Killington human resources director that Plaintiff's dependent season pass would be revoked though she could keep her job and her son could retain his season pass.

The next day, Plaintiff apologized to the ticket checker, and left messages for the human resources director as well as other Killington executives. Though he did not discuss the incident further with any Killington representative, "three days later, [Plaintiff's] pass appeared miraculously to be working with no issues." (Doc. 1-2 at 8.) On January 9, 2017, however, Plaintiff's "pass suddenly scanned as 'inactive.'" *Id.* Killington Guest Services informed

2

Plaintiff it was a mistake. On January 13, 2017, the pass again did not work and Plaintiff's wife received an email from her supervisor stating:

> I wanted to inform you that based on the most recent incident involving Ivo on 11/25 at the K1 gondola we are indefinitely revoking his dependent ski pass privileges. The pass was supposed to be deactivated at that time but due to an administrative error it was not. He will no longer be eligible for dependent privileges moving forward. This is non-negotiable, and there will be no further discussion on this. He is welcome to purchase a season pass. This will not effect you or Tin.

*Id.* at 8.

On January 25, 2017, Plaintiff was allowed to purchase a season pass at a discounted rate. However, a few days later he received by certified mail a notice against trespass dated January 25. (Doc. 1-2 at 11, 13.)[1] Plaintiff claims that Killington allowed him to purchase the pass so they could "ban [him] as a customer, not as a staff dependent." (Doc. 1-2 at 11.)

This is not Plaintiff's first filing in this court regarding the notice against trespass. In September 2017, Plaintiff filed a similar complaint under 42 U.S.C. § 1983 alleging that Killington violated his constitutional rights when it issued the January 25, 2017 notice against trespass. *See Skoric*, 2017 WL 4342078. After allowing Plaintiff's request to proceed *in forma pauperis*, the court dismissed the action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Id.* at *3. Specifically, the court found Plaintiff had not met the "symbiotic relationship" test in *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961), or any other avenues for deeming private action to be state action for purposes of § 1983. *Id.* at *2-3 & n.3.

---

[1] The notice against trespass is a private communication which satisfies the intent element of the criminal offense of unlawful trespass. 13 V.S.A. § 3705. Notice may be furnished by actual communication by the person in lawful possession, by his or her agent or by law enforcement acting on behalf of the person in possession. It may also be provided by signs or placards. *Id.* The notice against trespass is not an order issued by a public body. "Rather, it informs the recipient that a subsequent violation may be a basis for criminal prosecution." *Baird v. City of Burlington*, 2016 VT 6, ¶ 3 n.1.

3

Here, though Plaintiff does not purport to bring his action under 42 U.S.C. § 1983, he makes the same claims that his federal constitutional right to due process under the Fifth and Fourteenth Amendments has been violated by Killington's issuance of the January 25, 2017 notice against trespass.

## II. The Fourteenth Amendment

The Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Generally, "the protections of the Fourteenth Amendment do not extend to 'private conduct abridging individual rights.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Burton*, 365 U.S. at 722).

Congress enacted 42 U.S.C. § 1983 to provide a statutory remedy and private cause of action for violations of the Constitution such as the Fourteenth Amendment. Congress specified that to be actionable, however, the conduct at issue must have occurred "under color of" state law. 42 U.S.C. § 1983. Accordingly, both the Fourteenth Amendment itself and § 1983 include a state-action requirement. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks omitted). Thus, "liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity." *Tarkanian*, 488 U.S. at 191 (internal quotation marks omitted).

Under § 1983, Supreme Court precedent seeks "to plot a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *see also*

4

*Tarkanian*, 488 U.S. at 191 ("Embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be."). "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad.*, 531 U.S. at 295 (internal quotation marks omitted).

### III. State Action

Plaintiff seeks to assert a claim for violation of his Fourteenth Amendment rights. The avenue to seek redress for violations of the Constitution is 42 U.S.C. § 1983 and, as discussed above, the Fourteenth Amendment applies to state—not private—action. Accordingly, the issue here is whether Plaintiff has alleged facts sufficient for the court to determine there exists such a "close nexus" between the State of Vermont and Killington's action in issuing the notice against trespass that Killington's action can be treated as that of Vermont itself. *See Brentwood Acad.*, 531 U.S. at 295.

As with Mr. Skoric's first case, this element of state action is lacking. Construing the allegations liberally, the Complaint does not suggest Killington, a private company, was acting under color of state law when it issued the notice against trespass. There are no allegations from which the court can infer that Killington's action in issuing the notice against trespass should be treated as the action of the State of Vermont. *See Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 314 (2d Cir. 2007) (noting "the Supreme Court has narrowed the scope of its state-action jurisprudence" so that "the Court has found on more than one occasion that an entity was not engaged in state action even though it was extensively regulated, obtained governmental approval, received substantial governmental assistance, and performed an important societal

function.") (internal quotation marks omitted). In light of the strict requirements for finding state action, and the failure of Plaintiff's allegations to show a connection between the State of Vermont and Killington, Plaintiff cannot plausibly assert that the single act of Killington's issuance of the notice against trespass was state action.

Plaintiff argues the notice "was issued unlawfully and without due process," and that, under the Fifth and Fourteenth Amendments, "nobody may deprive anybody of their rights without due process of law." (Doc. 1-2 at 11.) The protections of the Fourteenth Amendment, however, "do not extend to private conduct abridging individual rights." *Tarkanian*, 488 U.S. at 191 (internal quotation marks omitted). The Due Process Clause of the Fourteenth Amendment simply does not extend to private conduct, "no matter how unfair that conduct may be." *Id.*

Plaintiff does not rehash his contention—rejected in his first attempt to sue Killington over the notice against trespass—that Killington is a state actor because it operates on leased public land. *See Skoric*, 2017 WL 4342078, at * 1. In that case, the court also noted that none of the other possible avenues in which a seemingly private action may be deemed state action for the purposes of § 1983 applied. *See id.* at *3 n.2. The court adheres to that determination. Because Plaintiff has not plausibly alleged that Killington acted under color of state law, Plaintiff's proposed Complaint must be DISMISSED.[2]

---

[2] Plaintiff has not alleged Killington issued the notice against trespass based on his race, color, religion, national origin, disability or any other protected status. For example, the federal Civil Rights Act guarantees to all people the right to "full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a.

## IV. Leave to Amend

The Second Circuit has held that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks omitted); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, leave to amend a complaint is not required if an amendment would be futile. *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000). Here, amendment would be futile; better pleading could not convert Killington's private action into state action sufficient to bring an action under 42 U.S.C. § 1983. *See Brentwood Acad.*, 531 U.S. at 295 (a plaintiff must show the State is *responsible* for the specific conduct of which she complains).

## Conclusion

Plaintiff's request to proceed *in forma pauperis* (Doc. 1) is GRANTED. The case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii). The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 9th day of May, 2019.

Geoffrey W. Crawford, Chief Judge
United States District Court